THE STATE, JOHN H. VREELAND and ABRAHAM A. JACOBUS, prosecutors, *vs.* DAVID D. JACOBUS and GARRET P. JACOBUS, Trustees, &c.

1. This court will not grant a *mandamus,* except where it is clear that there is a legal obligation to perform the duty commanded to be done.

2. The tenth section of the supplement to the act to establish public schools, (*Nix. Dig.* 739, *pl.* 41,) does not expressly vest the authority anywhere to abolish an incorporated school district.

3. The consent of a majority of the taxable inhabitants of a school district, that the same may be abolished, however such consent may be expressed or certified, does not abolish the district; and where such consent is given, the court will not issue a *mandamus* to compel the trustees to certify that fact to the county clerk.

4. The trustees are under no obligation to sign such certificate, and even if they should sign it, and have it recorded by the clerk, it would not have the effect to abolish the district.

On motion for *mandamus.*

Argued *ex parte,* at June Term, 1856, before ELMER, POTTS and VREDENBURGH, Justices, by *Whelpley,* for the prosecutors.

The opinion of the court was delivered by

POTTS, J. The prosecutors are two of the taxable inhabitants of the school district No. 11, of the township of

Pequannock, Morris county.  They apply for a writ of *mandamus*, to be directed to David D. Jacobus and Garret B. Jacobus, two of the trustees of public schools of said district, commanding them to sign a certificate to the clerk of Morris county, to the effect that a majority of the taxable inhabitants in said district have consented and requested to have the said incorporated district abolished.

The object of the prosecutors is to have this incorporated school district abolished.  It sufficiently appears that a majority of the taxable inhabitants of the district have consented that this should be done, and have signified such consent in writing to the superintendent and trustees; and the superintendent and one of the trustees have signed the above certificate, but the other two trustees decline giving it their signatures.  Is this a case for a *mandamus* ?

This writ is never issued except in cases where the legal obligation to perform the act commanded to be done is clear.  For, as was said by Hornblower, Ch. Just., in *Spencer* 665, " the writ itself, in its very form, pre-judges the party on the matter of his obligation.  True, he may return to the first writ any matter in avoidance, as that he does not sustain the office, or the relation which the writ supposes, as was done in the case of *The State* v. *Holliday*, 3 *Halst.* 205 ; but if the defendant admits, or cannot deny his office, or the capacity or relation in which the writ supposes him to stand, and the fact recited in the writ, he cannot question or deny his duty and obligation in point of law."

Now this application is founded upon the idea that all that is necessary to abolish an incorporated school district is, that a majority of the taxable inhabitants shall consent to it; that when such *consent* is signified in writing to the town superintendent and trustees, it is their duty to certify the *fact* to the county clerk, and that such certificate, when recorded by the clerk, will of itself operate to

abolish the district. This, we apprehend, is a mistaken view of the law.

The ninth section of the supplement to the act to establish public schools (*Nix. Dig.* 739, *pl.* 40,) provides that when the trustees of any school district shall desire to become incorporated, they shall adopt a name, and, with the town superintendent, make and sign a certificate, describing boundaries, &c., which shall be recorded by the clerk of the county, and thereupon the said *trustees and their successors* shall, by the name so adopted, be a body politic and corporate, &c. And the tenth section provides, that " whenever the trustees of any school district shall become incorporated, the said district *shall not be abolished or altered without the consent* of a majority of the taxable inhabitants of said district; and *in case the same shall be abolished* or altered, the town superintendents and the trustees shall make and sign a certificate *thereof*, and have the same recorded," &c.

Now it is clear that the *consent* of a majority of the taxable inhabitants of a district, however expressed or certified, does not of itself abolish the district. It is simply made a condition, without which the district shall *not* be abolished. And the *fact* which the superintendent and trustees are, by law, required to certify is, *not* that a majority, &c., have *consented*, but that the district *has been abolished*.

The law does not expressly vest the power anywhere to abolish an *incorporated* school district. This seems to be an omission. It is implied that it may be done by the language, " in case the same shall be abolished," as used in the tenth section; and probably the fair inference is, that it may be done by the superintendent under the general authority given to that officer by the fifth section of the original act, (*Nix. Dig.* 734, *pl.* 12,) or by the superintendent and township committee, as provided by the seventeenth section of the same act, (*Nix. Dig.* 737, *pl.* 24.) But the difficulty here, even upon this construction, is that

the town superintendent, &c., has not abolished this district. All that has been done is, that a majority of the taxable inhabitants have consented that whoever has the power *may* abolish it. And the certificate we are asked to compel the trustees to sign is a certificate of such consent, and not a certificate that the district has been abolished.

The trustees are under no obligation to sign such a certificate, and even if they signed it, it would be worthless for the purpose sought to be accomplished. It is not such a certificate as the clerk is authorized to record, and if recorded it would be of no avail.

The motion must be denied.

CITED *in State* v. *Hammell*, 2 *Vr.* 454; *State* v. *Warren Foundry and Machine Co.*, 3 *Vr.* 440.